# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|  |  |
|---|---|
| COACH, INC. and COACH SERVICES, INC., | : |
|  | : |
| Plaintiffs, | :   Civil Action No. |
|  | : |
| v. | :   **COMPLAINT** |
|  | : |
| RICHIE'S PLAYHOUSE INC. d/b/a Luxury | : |
| Replicas, 16235 South US 27, Lansing, MI 48906 | : |
|  | : |
| and | : |
|  | : |
| RICHARD L. KELLEY, JR. | : |
|  | : |
| and | : |

Unknown Defendants 1-10 (JOHN DOES),

Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Joe Sadler (P71829)
Kristina M. Araya (P74507)
Katherine L. Brooks (P74511)
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI 49503-2487
616-752-2271
jsadler@wnj.com
karaya@wnj.com
kbrooks@wnj.com
*Attorneys for Plaintiffs*

---

Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach"), through their undersigned counsel, for their complaint against Defendants allege as follows:

**Nature of the Action**

1.      This is an action for counterfeiting, trademark and trade dress infringement under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a), (c), and (d)); copyright infringement under the United States Copyright Act (17 U.S.C. § 501 *et seq.*); unfair business practices under the Michigan Consumer Protection Act (MCL 445.903); and unfair competition, copyright infringement, commercial misappropriation and unjust enrichment under the common law of Michigan.

**Jurisdiction and Venue**

2.      Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks). This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.      This Court has personal jurisdiction over the individual Defendant(s) because they do business and/or reside in the State of Michigan.

4.      This Court has personal jurisdiction over the entities because they do business, are incorporated, and/or are authorized to do business in the State of Michigan.

5.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside in this District, may be found in this District, and a substantial part of the events giving rise to the claims in this action occurred within this District.

## Parties

6.     Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.  Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida.

7.     Upon information and belief, Defendant Richie's Playhouse Inc. is a corporation organized and existing under the laws of the State of Michigan with a principal place of business in Lansing, Michigan.  Richie's Playhouse Inc. owns and/or operates "Luxury Replicas," a retail store located at 16235 S. US 27, Lansing, Michigan.

8.     Upon information and belief, Defendant Richard L. Kelley, Jr. is an individual residing in Michigan and doing business in Michigan through Richie's Playhouse, Inc.  Upon information and belief, Mr. Kelley is the President and controlling shareholder of Richie's Playhouse, Inc.

9.     Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names.  Plaintiffs will seek leave to amend this Complaint when their true names and capacities are ascertained.  Plaintiffs are informed and believe and based thereon allege that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their

inaction ratified and encouraged such acts and behavior.  Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## The World Famous Coach Brand and Products

11.     Coach was founded seventy years ago as a family-run workshop in Manhattan. Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, accessories including eyewear, footwear including shoes, jewelry and watches.  Coach sells its goods through its own specialty retail stores, department stores, catalogs and via an Internet website www.coach.com throughout the United States.

12.     Coach has used a variety of legally-protected trademarks, trade dresses,  and design elements/copyrights for many years on and in connection with the advertisement and sale of its products, including those detailed in paragraphs 14 - 27 of this Complaint (together, the "**Coach Marks**").

13.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks.  As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning.  Coach products have also become among the most popular in the world, with Coach's annual global sales currently exceeding three billion dollars.

4

**The Coach Trademarks**

14.     Coach is the owner of the following United States Federal Trademark

Registrations (hereinafter collectively referred to as the "**Coach Trademarks**"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 16, 18 for *inter alia* leather goods, wallets and billfolds. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for *inter alia* eyeglasses and sunglass Cases | May 15, 2001 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* men and women's clothing. | March 9, 1999 | COACH |
| 2,836,172 | COACH | 14 for *inter alia* sporting goods and stuffed toys. | April 27, 2004 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,579,358 | COACH | 20 for *inter alia* pillows, mirrors and glassware. | June 6, 2002 | COACH |
| 2,074,972 | COACH | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | July 1, 1997 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* jewelry. | November 9, 1999 | COACH |
| 2,666,744 | COACH & LOZENGE DESIGN | 24 for *inter alia* bed linens. | December 24, 2002 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women. | June 30, 1998 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 |  |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags. | August 9, 1977 |  |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods such as wallets, handbags and shoulder bags. | December 19, 1984 |  |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 |  |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 |  |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 |  |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 |  |
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6, 9 for *inter alia* sunglasses and eye glass cases, leather goods, | April 13, 2004 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,832,740 | CC & DESIGN (Signature C) | 28 for *inter alia* stuffed animals. | April 13, 2004 |  |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing. | July 9, 2002 |  |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for *inter alia* handbags, small leather goods, jewelry and watches. | March 16, 2004 |  |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, fabrics and clothing. | November 8, 2005 |  |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 |  |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* bags, umbrellas, shoes and the manufacture of these goods. | October 13, 2009 |  |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets and coats. | June 12, 2007 |  |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 |  |
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,072,459 | CL STYLIZED | 18 for *inter alia* leather goods. | March 28, 2006 |  |
| 3,187,894 | CL STYLIZED | 18, 25 for *inter alia* leather goods and clothing. | December 12, 2006 |  |
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for *inter alia* retail services for leather ware. | November 12, 1991 |  |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks and shoulder bags | November 11, 2007 |  |
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16, 25 for *inter alia* desk accessories, clothing and eye glasses. | September 26, 2006 |  |
| 2,162,303 | COACH & TAG DESIGN | 25 for *inter alia* clothing. | June 2, 1998 |  |
| 2,088,707 | COACH & TAG DESIGN | 18 for *inter alia* accessory cases, backpacks and satchels. | August 19, 1997 |  |

15.     These registrations are valid, subsisting, in full force and effect, and have become incontestable pursuant to 15 U.S.C. § 1065.[1]

16.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

---

[1]   All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation, were assigned in full to Coach on or about October 2, 2000.

17.    The registration of the marks also provides sufficient notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

18.    The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125 (c)(1).

19.    The Coach Trademarks at issue in this case have been continuously used and have never been abandoned.

**The Coach Trade Dress**

20.    Coach is the owner of a variety of unique and distinctive trade dresses consisting of a combination of one or more features, including sizes, shapes, colors, designs, fabrics, hardware, hangtags, stitching patterns and other non-functional elements comprising the overall look and feel incorporated into Coach products (the "**Coach Trade Dresses**").

21.    Consumers immediately identify Coach as the single source of high quality products bearing the Coach Trade Dresses.

22.    The Coach Trade Dresses associated with Coach products are independent of the functional aspects of Coach products.

23.    Coach has employed the Coach Trade Dresses associated with its products exclusively and without interruption, and the Coach Trade Dresses have never been abandoned.

**Coach Copyrights**

24.    Many of the decorative and artistic combinations of the design elements present on Coach products are independently protected works under the United States Copyright Laws. These design elements are wholly original works and fixed in various tangible products and media, thereby qualifying as copyrightable subject matter under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. (hereinafter referred to as the "**Coach Copyrights**").

25.     Amongst others, Coach has a valid copyright registered with the Copyright Office for its "Legacy Stripe" design, with registration number VAu000704542.

26.     Coach has a valid copyright registered with the Copyright Office for its "Op Art" design, with registration number VA 1-694-574 .

27.     At all times relevant hereto, Coach has been the sole owner and proprietor of all rights, title, and interest in and to the Copyrights used on Coach products, and such Copyrights are valid, subsisting and in full force and effect.

### Defendants' Acts of Infringement and Unfair Competition

28.     Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Copyrights (hereinafter referred to as the "Infringing Products").  Defendants' specific conduct includes, among other things:

    a.     Advertising, promoting, distributing, selling, and/or offering for sale counterfeit handbags and footwear bearing the Coach Marks from the Luxury Replicas store.  By way of example, on May 18, 2011, a Coach representative purchased a handbag and a pair of sandals from the retail store that were purportedly manufactured by Coach.  Upon closer inspection, it was determined that the bag and the sandals were not manufactured by Coach, in that they were not one of Coach's design, were made of materials inferior to those used by Coach, and were otherwise not constructed in the quality and manner employed by Coach in the construction of its handbags and sandals.

    b.     The bag and sandals in question featured designs, insignias, badges, tags, logos and other features and adornments incorporating several of the Coach Marks.

c.      The bag in question was sold to the representative for $33.15, almost one hundred dollars less than the average MSRP for an authentic Coach bag.  The sandals in question were sold to the representative for $29.00, almost one hundred dollars less than the average MSRP for a pair of authentic Coach sandals.  The money provided by Coach's representative was deposited in the cash register and a receipt was given.

d.      The Coach representative observed other handbags and shoes for sale at the retail store, which were purportedly manufactured by Coach and other well-known designers, but which upon information and belief are counterfeits.  At least 100 handbags and 50 pairs of shoes were observed bearing one or more Coach Marks.

e.      Business cards available at the store identify Luxury Replicas as a whole-saler.  These cards expressly mention Coach, stating that "We carry Coach" as well as a variety of other designers' products, such as Gucci, Prada and Kate Spade.  The cards feature a picture of a handbag and sunglasses.  Coach expects, and therefore alleges, that other advertisements exist which mention Coach or depict Coach Marks or products.

f.      Luxury Replicas is not, and has never been, a licensed wholesaler or retailer of Coach goods.  The distribution of business cards and other advertisements mentioning Coach or depicting Coach products misleads consumers as to the source and quality of the goods sold by Luxury Replicas.  It creates both demand for, and sales of, Infringing Products, and infringes on Coach's intellectual property and publicity rights.

29.     Defendants are well aware of the extraordinary fame and strength of the Coach Brand and the Coach Marks, and the incalculable goodwill associated therewith.

30.     Defendants have no license, authority, or other permission from Coach to use any of the Coach Marks in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

31.     Defendants have been engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

32.     Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

33.     Upon information and belief, Defendants intend to continue to design, manu-facture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products, unless otherwise restrained.

34.     Coach is suffering irreparable injury, has suffered substantial damages as a result of Defendants' activities, and has no adequate remedy at law.

## COUNT I
## (Trademark Counterfeiting, 15 U.S.C. § 1114)

35.     Coach repeats and realleges the allegations set forth in paragraphs 1-34.

36.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

37.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the

trade into believing that Defendants' Infringing Products are genuine or authorized products of Coach.

38.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

39.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

40.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

41.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

42.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT II
### (Trademark Infringement, 15 U.S.C. § 1114)

43.     Coach repeats and realleges the allegations set forth in paragraphs 1-42.

44.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

45.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

46.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

47.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

48.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

49.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

50.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT III**
**(Trade Dress Infringement, 15 U.S.C. § 1125(a))**

51.     Coach repeats and realleges the allegations set forth in paragraphs 1-50.

52.     The Coach Trade Dresses are used in commerce, non-functional, inherently distinctive, and have acquired secondary meaning in the marketplace.

53.     Defendants, without authorization from Coach, have designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, and/or are causing to be designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, products which contain a collection of design elements that is confusingly similar to the Coach Trade Dresses.

54.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade who recognize and associate the Coach Trade Dresses with Coach.  Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the

public, and the trade as to the source of the Infringing Products, or as to a possible affiliation, connection or association between Coach, the Defendants, and the Infringing Products.

55.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trade Dresses and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

56.     Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

57.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

58.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

59.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IV
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

60.     Coach repeats and realleges the allegations set forth in paragraphs 1-59.

61.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is intended, and is likely to cause such parties to believe in error that the Infringing Products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach.

16

62.      The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

63.      Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

64.      Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

65.      Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT V
### (Trademark Dilution, 15 U.S.C. § 1125(c))

66.      Coach repeats and realleges the allegations set forth in paragraphs 1-65.

67.      The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

68.      The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

69.      Defendants' use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products.

70.      Defendants have intentionally and willfully diluted the distinctive quality of the famous Coach Trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

71.      Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

72.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

73.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

### COUNT VI
### (Copyright Infringement, 17 U.S.C. § 501)

74.     Coach repeats and realleges the allegations set forth in paragraphs 1-73.

75.     Many of Coach designs contain decorative and artistic combinations that are protected under the United States Copyright Act (17 U.S.C. § 101 *et seq.*).  Coach has, amongst others, valid registered copyrights in the Legacy Stripe and Op Art designs.

76.     Upon information and belief, Defendants had access to and copied the Op Art design, Legacy Stripe design and other Coach Copyrights present on Coach products.

77.     Defendants intentionally infringed Coach's copyrights in the Op Art design, Legacy Stripe design and other copyrights present on Coach products by creating and distributing the Infringing Products, which incorporate elements substantially similar to the copyrightable matter present in the Op Art and Legacy Stripe designs and other Coach Copyrights present on Coach products, without Coach's consent or authorization.

78.     Defendants have infringed Coach's copyrights in violation of 17 U.S.C. § 501 *et seq*.

79.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

80.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

81.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VIII
## (Michigan Consumer Protection Act)

82.     Coach repeats and realleges the allegations set forth in paragraphs 1-81.

83.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Trademarks and/or the Coach Trade Dress.

84.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

85.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and Coach Trade Dress and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

86.     Defendants' activities violate Michigan's Consumer Protection Act, which prohibits counterfeiting, trademark and trade dress infringement, and similar activities which deceive consumers as to the source, quality, or origin of goods.  MCL 445.903 (1) (a-c, e).

87.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

88.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

89.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IX
### (Common Law Copyright Infringement)

90.    Coach repeats and realleges the allegations set forth in paragraphs 1-89.

91.    The foregoing acts of Defendants have infringed Coach's valid copyrights in violation of the common law of the State of Michigan.

92.    Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

93.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

94.    Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT X
### (Common Law Unfair Competition)

95.    Coach repeats and realleges the allegations set forth in paragraphs 1-94.

96.    The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of Michigan.

97.    Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

98.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

99.    Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT XI
### (Commercial Misappropriation / Invasion of Privacy)

100.    Coach repeats and realleges the allegations set forth in paragraphs 1-99.

101.     In various advertisements, Defendants falsely claim that they are affiliated with Coach and sell genuine Coach products.  These claims are made in order to attract customers and make sales.

102.     Defendants may not use Coach's name for their own commercial gain without Coach's permission.

103.     Defendants are not licensed to use Coach's name for any purpose.

104.     Defendants' misappropriation of Coach's name is injurious to Coach.

**COUNT XII**
**(Unjust Enrichment)**

105.     Coach repeats and realleges the allegations set forth in paragraphs 1-104.

106.     The acts complained of above constitute unjust enrichment of Defendants at Coach's expense, in violation of the common law of the State of Michigan.

**COUNT XIII**
**(Piercing the Corporate Veil)**

107.     Coach repeats and realleges the allegations set forth in paragraphs 1-106.

108.     Defendant Richie's Playhouse Inc. is in the business of defrauding Coach and consumers by manufacturing, advertising, marketing, distributing and/or selling counterfeit merchandise as set forth above.

109.     Defendant Richard R. Kelley, Jr. is a director and/or officer of Richie's Playhouse Inc. and directly or indirectly controls Richie's Playhouse Inc. through ownership of its stock.

110.     Richie's Playhouse Inc. is a mere instrumentality through which Mr. Kelley perpetrates the acts of counterfeiting, fraud and infringement alleged in this Complaint.

111.     The advantages and protections afforded shareholders, officers and directors under Michigan law do not apply when the corporate form is used to facilitate criminal or fraudulent activities.

112.    For the foregoing reasons, Mr. Kelley is liable for the activities of Richie's Playhouse Inc., as well as for any activities undertaken in his personal capacity.

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against Defendants as follows:

A.    Finding that:  (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); and Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)); (ii) Defendants have violated Section 501 of the Copyright Act of 1976 (17 U.S.C. § 501); (iii) Defendants have employed unfair, unconscionable or deceptive trade practices in violation of MCL 445.903; (iv) Defendants have engaged in unfair competition under the common law of Michigan; (v) Defendants have engaged in copyright infringement in violation of Michigan common law, (vi) Defendants have misappropriated Coach's name for a commercial purpose, in violation of Michigan common law, (vii) Defendants have been unjustly enriched in violation of Michigan common law, and (viii) that Defendant Richard L. Kelley, Jr. is personally liable for the activities of Richie's Playhouse Inc., as well as for any activities undertaken in his personal capacity.

B.    Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1.    manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Copyrights, or any other mark or design

element substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Marks;

2.      engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach;

3.      engaging in any other activity that will cause the distinctiveness of the Coach Trademarks or Coach Trade Dresses to be diluted; or

C.      Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

D.      Requiring Defendants to file with this Court and serve on Coach within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.      Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Coach, or is related in any way with Coach and/or its products;

F.      Awarding Coach statutory damages of $2,000,000 per counterfeit mark per type of good used in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, ordering Defendants to account to and pay to Coach all profits realized by their

wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.      Awarding Coach statutory damages or in the alternative its actual damages suffered as a result of the copyright infringement, and any profits of Defendants not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 504;

H.      Awarding Coach actual and punitive damages to which it is entitled under applicable federal and state laws;

I.       Awarding Coach its costs, attorney fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117),  Section 505 of the Copyright Act of 1976 (17 U.S.C. § 505) and Michigan's Consumer Protection Act (MCL 445.911(2).

J.      Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and

K.      Awarding Coach such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury in this matter.

Dated:  June 17, 2011                    By:        /s/ Joe Sadler
                                             Joe Sadler (P71829)
                                             Kristina M. Araya (P74507)
                                             Katherine L. Brooks (P74511)
                                             WARNER NORCROSS & JUDD LLP
                                             900 Fifth Third Center
                                             111 Lyon Street, N.W.
                                             Grand Rapids, MI  49503-2487
                                             616-752-2271
                                             jsadler@wnj.com
                                             karaya@wnj.com
                                             kbrooks@wnj.com

                                             *Attorneys for Plaintiffs*

5530068